# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:24-cr-00161 |
| v. | ) | |
| | ) | Judge Trauger |
| | ) | Judge Holmes |
| ANDREW SKAALERUD | ) | |

## UNITED STATES' MOTION FOR A DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT

The United States, by and through Henry C. Leventis, United States Attorney, and Assistant United States Attorney Emily E. Petro, respectfully moves the Court for a detention hearing and for the detention of Defendant Andrew Skaalerud (the "defendant") in this matter.

The defendant has been charged in a two-count indictment with one count of possession of firearms by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924, and one count of possession of an unregistered firearms, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871. The United States submits that it is entitled to a detention hearing in this matter pursuant to 18 U.S.C. §§ 3142(f)(1)(E), which provides that "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure . . . the safety of any other person and the community – upon motion of the attorney for the Government in a case that involves . . . any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm." Proof at a detention hearing would show that the defendant possessed multiple firearms, including a short-barreled rifle.

There is no condition or combination of conditions in this matter that will assure the defendant's appearance as required and protect the safety of the community. 18 U.S.C. §§ 3142(e)(1). In assessing this issue, this Court considers four factors: (1) the nature and

1

circumstances of the offenses charged; (2) the weight of the evidence of dangerousness against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

A finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). But when the risk of nonappearance is the basis for detention, the Government need only satisfy a preponderance of the evidence standard. *See United States v. Cornish*, 449 F. Supp. 3d 681, 684 (E.D. Ky. 2020) ("A flight-based (or, more accurately, nonappearance-based) detention decision must rest on facts supported by a preponderance of the evidence."); *see also United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Here, the defendant's dangerousness is evident from the nature and circumstances of the offense, the weight of the evidence against him, and his personal history and characteristics. At the time of the probation search at his residence, the defendant was on active felony supervision in at least two counties for felony drug offenses. *See* Williamson County Criminal Court No. M-CR210480; Davidson County Criminal Court No. 2021-B-601. The government also expects to present text message evidence from the defendant's cell phone, wherein the defendant seeks the assistance of a friend who is not a felon to procure firearms on his behalf. These facts evince the defendant's unwillingness to obey Court orders allowing his release. They also demonstrate his unwillingness to follow the law generally, his dedication to obtaining illicit firearms, his tendency to use third parties to circumvent the rules and conceal his pursuit of firearms, and, given the fact that his convictions and the instant case all occurred in different counties, his inclination to move from county to county to engage in criminal conduct.

The defendant also poses a significant risk of flight, given his history of probation violations and failures to appear as directed.

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

By:     *s/Emily E. Petro*
EMILY E. PETRO
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Tel. (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served by electronic mail on counsel for the defendant on this, the 4th day of October, 2024.